**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:20-CV-517-RJC-DCK**

| | |
|---|---|
| JOBBIE FLOWERS, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ELECTROLUX NORTH AMERICA, INC. | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT ELECTROLUX NORTH AMERICA, INC.'S ANSWER TO COMPLAINT**

The Defendant, Electrolux North America, Inc. ("Electrolux"), answers the complaint of Plaintiff as follows:

**FOR A FIRST DEFENSE**

1) Electrolux admits that the complaint alleges claims under Title VII of the Civil Rights Act of 1964. Electrolux denies any liability to Plaintiff under that Act.

2) Electrolux admits that Plaintiff alleges claims under the Americans with Disabilities Act. Electrolux denies any liability to Plaintiff under that Act.

3) Electrolux admits that Plaintiff has alleged a common law claim under the common law of North Carolina. Electrolux denies any liability to Plaintiff under the common law of North Carolina.

4) Paragraph 4 is admitted.

5) Paragraph 5 is admitted.

6) Paragraph 6 is admitted.

7) Electrolux admits so much of Paragraph 7 as alleges that Plaintiff filed an EEOC charge on January 28, 2020, asserting discrimination and retaliation on the basis of race and/or disability. Electrolux further admits that the EEOC issued a Notice of Right to Sue on August 12, 2020. Remaining allegations of Paragraph 7 are denied.

8) Paragraph 8 is admitted.

9) Paragraph 9 is admitted.

10) Paragraph 10 is denied.

11) Electrolux admits that Plaintiff was promoted to Team Lead in 2015, that he was an IT Application Support Team Lead, that he served as the only Change Advisory Board Lead for North America, and that he was an IT General Control Audit member. The remaining allegations of Paragraph 11 are denied.

12) Electrolux admits so much of Paragraph 12 as alleges that Plaintiff received a "meets expectations" evaluation at the end of 2018. The remaining allegations of Paragraph 12 are denied.

13) Paragraph 13 is admitted.

14) Electrolux admits so much of Paragraph 14 as alleges that Plaintiff was the only African American on Kopal Rawat's team. The remaining allegations of Paragraph 14 are denied.

15) Paragraph 15 is denied.

16) Electrolux admits, on information and belief, so much of Paragraph 16 as alleges that Plaintiff suggested that he and Rawat schedule a meeting with Alexa Moor of the Human Resources Department. Electrolux further admits that it was decided at that meeting that Plaintiff and Rawat would meet on a regular basis to discuss any issues. The remaining allegations of Paragraph 16 are denied.

17) Paragraph 17 is denied.

18) Paragraph 18 is denied.

19) Electrolux admits so much of Paragraph 19 as alleges that on September 20, 2019, Plaintiff sent an email to Rawat requesting a mediator. Electrolux further admits the email contained the text that is quoted in Paragraph 19. The remaining allegations of Paragraph 19 are denied.

20) Paragraph 20 is denied.

21) Electrolux admits so much of Paragraph 21 as alleges that Plaintiff was admitted to the hospital in late September 2019, that he was out of work for approximately 3 days, and that he notified his supervisor of this and kept her up to date with his anticipated return to work. The remaining allegations of Paragraph 21 are denied.

22) Paragraph 22 is denied.

23) Paragraph 23 is denied.

24) Electrolux admits that on November 8, 2019, Plaintiff was placed on a performance improvement plan ("PIP") by Rawat and Brenda Simpson. The remaining allegations of Paragraph 24 are denied.

25) Electrolux admits that the PIP outlined Electrolux's expectations of Plaintiff. The remaining allegations of Paragraph 25 are denied.

26) Paragraph 26 is denied.

27) Paragraph 27 is denied.

28) Paragraph 28 is denied.

29) Electrolux admits that in late November 2019, it received a letter from Plaintiff's attorney alleging, for the first time, that Plaintiff had been subjected to discriminatory and/or retaliatory behavior. The remaining allegations of Paragraph 29 are denied.

30) Electrolux admits so much Paragraph 30 as alleges that Plaintiff's employment was terminated on January 22, 2020. The remaining allegations of Paragraph 30 are denied.

31) Paragraph 31 is denied.

32) Paragraph 32 is denied.

33) Paragraph 33 is denied.

34) Paragraph 34 is denied.

35) Electrolux meets the allegations of Paragraph 35 by realleging the foregoing.

36) Paragraph 36 is admitted.

37) Electrolux admits so much of Paragraph 37 as alleges that it had at least 15 employees at all relevant times and was an employer within the meaning of 42 U.S.C. § 2000e(b), however, Electrolux denies that it was Plaintiff's employer.

38) Paragraph 38 is denied.

39) Paragraph 39 is denied.

40) Electrolux admits so much of Paragraph 40 as alleges that it received a letter from Plaintiff's attorney alleging discrimination based on race. The remaining allegations of Paragraph 40 are denied.

41) Paragraph 41 is denied.

42) Electrolux meets the allegations of Paragraph 42 by realleging the foregoing.

43) Paragraph 43 is admitted.

44) Electrolux admits so much of Paragraph 44 as alleges that Plaintiff was an employee as defined by 42 U.S.C. § 12101, but Electrolux denies that Plaintiff was its employee.

45) Paragraph 45 is denied.

46) Paragraph 46 is denied.

47) Paragraph 47 is denied.

48) Paragraph 48 is denied.

49) Paragraph 49 is denied.

50) Paragraph 50 is denied.

51) Electrolux meets the allegations of Paragraph 51 by realleging foregoing.

52) Paragraph 52 is admitted, but Electrolux denies that it employed Plaintiff.

53) Paragraph 53 is denied.

54) Paragraph 54 is denied.

55) Paragraph 55 is denied.

56) Paragraph 56 is denied.

57) Paragraph 57 is denied.

58) Plaintiff's prayer for relief, including subparts 1–8, is denied.

59) Every allegation contained in the complaint that is not specifically admitted herein is denied.

**FOR A SECOND DEFENSE**

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**FOR A THIRD DEFENSE**

With respect to Plaintiff's allegation of violations of Title VII, any action taken against Plaintiff by Defendant was taken for legitimate, non-discriminatory reasons.

## FOR A FOURTH DEFENSE

Any employment actions Defendant took with respect to Plaintiff were based upon reasonable factors other than any protected conduct by Plaintiff.

## FOR A FIFTH DEFENSE

Any claims relating to persons or matters that were not made the subject of a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or were not investigated by the EEOC are barred under Title VII.

## FOR A SIXTH DEFENSE

Plaintiff has failed to mitigate damages, if any.

## FOR A SEVENTH DEFENSE

Any recovery by Plaintiff may be barred, in whole or in part, based upon after-acquired evidence that may be discovered during the course of litigation.

## FOR AN EIGHTH DEFENSE

Defendant, at all times, acted in good faith and with reasonable grounds for believing that any actions taken with regard to Plaintiff were in compliance with the law.

## FOR A NINTH DEFENSE

Defendant may not be held liable for any alleged injuries or damages resulting from the effect of Plaintiff's preexisting emotional, psychological, or physical conditions, if any, not the result of any act or omission of Defendant.

## FOR A TENTH DEFENSE

Defendant reserves the right to assert further affirmative defenses (including, but not limited to, a defense that the action is barred in whole or in part by statute, contract, release, covenant, or the doctrine of laches) upon discovery of facts not previously known. Further, to the

extent that any of the Plaintiff's claims are time barred by statute and/or law, the Defendant does not waive and asserts herein said limitations and/or repose defenses.

Dated this 12th day of October 2020.

Respectfully submitted,

*__/s/ Mason G. Alexander__*
Mason G. Alexander (NC Bar No. 23945)
FISHER & PHILLIPS LLP
227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 334-4565
Facsimile: (704) 334-9774
E-mail: malexander@fisherphillips.com
*ATTORNEY FOR DEFENDANT*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:20-CV-517 RJC-DCK**

| | |
|---|---|
| JOBBIE FLOWERS, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ELECTROLUX NORTH AMERICA, INC. | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of October 2020, electronically filed the foregoing **ANSWER TO COMPLAINT** with the Clerk of Court using the CM/ECF system. I hereby certify that I have this day served a copy of the foregoing document by placing a copy of the same in the United States mail, properly addressed, and with the correct amount of postage affixed thereto, to the following person:

L. Michelle Gessner
GessnerLaw, PLLC
P.O. Box 78161
Charlotte, NC 28271
michelle@mgessnerlaw.com

Dated this 12th day of October, 2020.

Respectfully submitted,

By: /s/ *Mason G. Alexander*
Mason G. Alexander (NC Bar No. 23945)
FISHER & PHILLIPS LLP
Attorney for Defendant