UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JOBBIE FLOWERS,<br><br>Plaintiff,<br><br>v.<br><br>ELECTROLUX NORTH AMERICA, INC.,<br><br>Defendant. | Civil Action No. 3:20-CV-517-RJC-DCK |

## Motion for Summary Judgment

Defendant Electrolux North America, Inc. moves for summary judgment as to all of Plaintiff Jobbie Flowers' claims against it in this lawsuit pursuant to Federal Rule of Civil Procedure 56. In support of its motion, Defendant states as follows:

1. Plaintiff's complaint asserts federal claims of retaliation and disparate-treatment discrimination on the basis of race pursuant to Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. §§ 2000e-2(a), 2000e-3(a), and discrimination on the basis of disability pursuant to the Americans with Disabilities Act of 1990 ("ADA"), *see* 42 U.S.C. § 12112(a). (D.E. 1 at 6–7.) Plaintiff also asserts a claim of wrongful discharge in violation of public policy under the North Carolina Equal Employment Practices Act, *see* N.C. Gen. Stat. § 143-422.1 *et seq.* (D.E. 1 at 8.) All of these claims are factually unsupported.

2. With no direct evidence of discrimination for any of his claims, Plaintiff must proceed under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Plaintiff cannot establish a prima facie case of discrimination or retaliation for any of his claims. Even if Plaintiff were able to establish a prima facie case of discrimination or

retaliation, Defendant has a legitimate, nondiscriminatory, nonretaliatory reason for the adverse employment action at issue. Plaintiff cannot establish that this reason is pretextual.

3. Plaintiff's complaint does not plead a claim of retaliation under the ADA. If Plaintiff argues otherwise, the Court should dismiss any such claim or argument. In any event, a claim for retaliation under the ADA would fail for the same reasons as Plaintiff's other federal claims for discrimination and retaliation.

4. Plaintiff's claims under state law are subject to the same analysis as his federal claims for discrimination and retaliation, and they fail for the same reasons. Additionally, state law does not recognize a retaliation claim for wrongful discharge.

5. A Memorandum of Law in support of Defendant's motion for summary judgment is filed contemporaneously herewith and incorporated herein. Additionally, in support of this motion, Defendant files herewith the declarations of Alexa Moor (and exhibits thereto), Kopal Rawat (and exhibit thereto), and Brenda Simpson; excerpts of transcripts from the depositions of Kopal Rawat, Brenda Simpson, Naomi Sinclair, and Jobbie Flowers; and nine exhibits.

For these reasons, explained more fully in the attached Memorandum of Law, Defendant respectfully requests that the Court grant the motion for summary judgment in its entirety and enter judgment in Defendant's favor.

This the 30th day of June 2021.

                                                Respectfully submitted,

                                                /s/ *Mason G. Alexander*
                                                Mason G. Alexander (NC Bar No. 23945)
                                                Benjamin S. Morrell (NC Bar No. 56676)
                                                **FISHER & PHILLIPS LLP**
                                                227 West Trade Street, Suite 2020
                                                Charlotte, North Carolina 28202

Telephone: (704) 334-4565
Facsimile: (704) 334-9774
Email: malexander@fisherphillips.com
Email: bmorrell@fisherphillips.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JOBBIE FLOWERS,<br><br>Plaintiff,<br><br>v.<br><br>ELECTROLUX NORTH AMERICA, INC.,<br><br>Defendant. | Civil Action No. 3:20-CV-517-RJC-DCK |

### Certificate of Service

I hereby certify that on the date listed below, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send electronic notice to Plaintiff's counsel, L. Michelle Gessner, at michelle@mgessnerlaw.com.

This the 30 day of June 2021.

    Respectfully submitted,

    /s/ *Mason G. Alexander*
    Mason G. Alexander
    Attorney for Defendant
    **FISHER & PHILLIPS LLP**